**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAQUAY LEE JEFFERS,

    Defendant - Appellant.

No. 21-6017
(D.C. No. 5:19-CR-00163-D-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **EBEL**, and **PHILLIPS**, Circuit Judges.

---

Laquay Lee Jeffers was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Before trial, Jeffers moved to suppress the firearm and ammunition that underlay the offense. The district court denied Jeffers's motion, and at trial, Jeffers was convicted by a jury. Jeffers now appeals the district court's denial of his motion to suppress. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Sergeant Charles McMackin was a gang enforcement patrol officer for the Oklahoma City Police Department. While on patrol one evening, Sgt. McMackin saw a Ford Fusion traveling on a roadway's dividing line for roughly 100 feet. The driver of the car, unbeknownst to Sgt. McMackin, was Jeffers. Believing that the driver had committed a traffic violation and might be intoxicated, Sgt. McMackin activated his lights and siren and followed the car. But rather than stop his car, Jeffers drove into a parking lot and circled a cell-phone tower. Jeffers then drove through the parking lot, over a grassy area, and into an apartment-complex lot. He drove over curbs and between apartment buildings before stopping when his passageway was blocked.

Sgt. McMackin exited his patrol car and approached Jeffers. As Sgt. McMackin approached, Jeffers moved from the driver's seat to the front passenger's seat. Sgt. McMackin commanded Jeffers to exit the car and get on the ground, but Jeffers didn't obey. Sgt. McMackin then approached the passenger side of Jeffers's car, where the window of the front passenger door was halfway down. In response, Jeffers shifted back to the driver's seat. Jeffers tried opening the driver's door, but before he could do so, Sgt. McMackin tasered him through the front passenger window. As Sgt. McMackin opened the front passenger door to gain control of Jeffers, he spotted a firearm on the front passenger seat. Sgt. McMackin arrested Jeffers, while another officer retrieved the firearm.

**DISCUSSION**

"When reviewing the denial of a motion to suppress, we accept the district court's factual findings and determinations of witness credibility unless they are clearly erroneous." *United States v. Roberson*, 864 F.3d 1118, 1121 (10th Cir. 2017) (citation omitted). We also view the facts in the light most favorable to the government. *United States v. White*, 584 F.3d 935, 944 (10th Cir. 2009). The point at which a seizure occurred is a question of law that we review de novo. *See Roberson*, 864 F.3d at 1121.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. A seizure can occur by physical force or a show of authority. *United States v. Salazar*, 609 F.3d 1059, 1064 (10th Cir. 2010). But when an officer doesn't use physical force and relies only on a show of authority, "there is no seizure without actual submission." *Brendlin v. California*, 551 U.S. 249, 254 (2007); *see also California v. Hodari D.*, 499 U.S. 621, 626 (1991). "Actual submission depends on the view of a reasonable law enforcement officer under the totality of the circumstances." *Roberson*, 864 F.3d at 1122 (quotations omitted). A reasonable officer is "prudent, cautious, and trained." *United States v. Mosley*, 743 F.3d 1317, 1326 (10th Cir. 2014) (citation omitted).

The parties dispute not whether a seizure occurred, but *when* it occurred. Jeffers argues that he was seized when Sgt. McMackin turned on his patrol lights and

3

siren to stop him for an alleged traffic offense.[1] The government argues that Jeffers was seized when Sgt. McMackin used his taser. In a well-reasoned order, the district court agreed with the government.

We see no reason to disrupt the district court's decision. When a suspect "continues to flee[,] [t]hat is no seizure." *Hodari D.*, 499 U.S. at 626. The record is clear that before being tasered, Jeffers hadn't submitted to Sgt. McMackin's authority and continued to flee. He ignored Sgt. McMackin's emergency lights and set off a lengthy chase. Even when boxed in and ordered to surrender, Jeffers shifted from the driver's seat to the passenger's seat. He shifted back once Sgt. McMackin approached the passenger side of his car. And when Sgt. McMackin deployed his taser through the passenger-side window, Jeffers was still trying to exit the car. Under these circumstances, a reasonable officer wouldn't believe that Jeffers had submitted to authority before the tasering.

Our conclusion squares with a clear line of cases following *Hodari D.* In *Roberson*, we found no seizure when a defendant made "furtive stuffing motions" as officers approached his car while shining bright lights. 864 F.3d at 1125. In *Mosley*, the defendant wasn't seized when, in response to officers raising their weapons and shouting "hands up," the defendant made furtive motions consistent with hiding or

---

[1] In Oklahoma, drivers must drive "as nearly as practicable entirely within a single lane." Okla. Stat. tit. 47 § 11-309. Jeffers argues that he didn't violate Oklahoma law when he straddled the roadway's dividing line. Thus, Sgt. McMackin had no reasonable suspicion or probable cause to stop him at that time. Our conclusion doesn't hinge on whether Jeffers committed a traffic violation, so we needn't decide that issue.

retrieving a gun. 743 F.3d at 1327. In *Salazar*, no seizure occurred when the defendant reversed his truck after a patrol car stopped in front of him. 609 F.3d at 1067. And in *United States v. Harris*, 313 F.3d 1228, 1235 (10th Cir. 2002), we found no seizure when the defendant, after multiple requests for identification by an officer, ignored those demands and walked past the officer. Jeffers's conduct before being tasered is less submissive than the conduct in any of these cases.

Jeffers separately argues that *Hodari D.* shouldn't apply here, when "it is clear that the police committed misconduct in attempting to make a seizure for a traffic violation that never occurred." Op. Br. at 14–16. So, according to Jeffers, *Hodari D.* and its progeny are inapplicable because those cases didn't involve unjustified police conduct. Yet his argument is undermined by the fact that in *Hodari D.*, the Supreme Court acknowledged that the police officer had no reasonable suspicion to chase the defendant. 499 U.S. at 623 n.1. Equally problematic, Jeffers offers no case cabining *Hodari D.* as he believes. We're therefore unpersuaded by this argument.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge